UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONDEL DELBERT GARDNER,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>    Defendants. | No. 2:17-cv-1921 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel and requested that the court serve the complaint on defendants.

I.     Motions for Appointment of Counsel

Plaintiff has requested the appointment of counsel. ECF Nos. 6, 8. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965,

1

970 (9th Cir. 2009) (quoting <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u> Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The court has yet to screen plaintiff's complaint and is therefore unable to assess plaintiff's likelihood of success on the merits at this time. Accordingly, the court is unable to find that exceptional circumstances exist at this time and the motions will be denied without prejudice to renewal at a later stage.

## II. Motion for Summons and Service

Plaintiff has also filed a motion requesting that the court issue summons and serve the complaint. ECF No. 10. Since the court has not yet screened the complaint, service of the complaint is premature and the motion will be denied. Furthermore, plaintiff states in his motion that he would like to amend the complaint to add retaliation claims and asks that the court add them to his complaint. If plaintiff wants to amend his complaint, he must file an amended complaint that includes all of the claims that he wants to make, not just the new claims. If plaintiff files an amended complaint, the court will look only at the claims in the amended complaint. Plaintiff shall have thirty days to file an amended complaint and if he does not, the case will proceed on the original complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for the appointment of counsel (ECF Nos. 6, 8) are denied without prejudice.

2. Plaintiff's motion for summons and service (ECF No. 10) is denied.

3. Plaintiff shall have thirty days from service of this order to file an amended complaint. If plaintiff chooses not to file an amended complaint, the case will proceed on the original complaint.

////

////

////

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

IT IS SO ORDERED.

DATED: November 3, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE