1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DELBERT RONDEL GARDNER,                    No.  2:17-cv-1921 AC P

12                  Plaintiff,

13        v.                                    ORDER

14   CDCR, et al.,

15                  Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19   I.    Application to Proceed In Forma Pauperis

20        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

§ 1915(b)(2).

II.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

"frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim, a complaint must contain more

than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations

omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that

merely creates a suspicion [of] a legally cognizable right of action.'"  Id. (alteration in original)

(quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d

ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

2

1  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

2  Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

3  content that allows the court to draw the reasonable inference that the defendant is liable for the

4  misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

5  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

6  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the

7  light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.

8  McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

9  III.    Complaint

10      In the complaint, plaintiff appears to allege that his ability to file administrative appeals is

11  being interfered with, that his legal mail is being tampered with, and that he is being denied

12  proper medical care. ECF No. 1.

13  IV.    Failure to State a Claim

14      There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

15  connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S.

16  362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and

17  conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v.

18  Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

19      It is clear from the complaint that plaintiff is attempting to state a claim for violation of his

20  right to access the courts based upon interference with his administrative appeals and legal mail.

21  ECF No. 1 at 3-4. However, plaintiff has failed to explain defendants' specific individual

22  involvement. It appears that defendant Kreamer notified plaintiff that some of his mail had been

23  returned by the United States Postal Service as undeliverable, but it is not clear how Kreamer was

24  responsible for the returned mail. Id. Furthermore, other than some of plaintiff's mail being

25  returned, it is unclear what kind of interference he has experienced with his appeals and legal mail

26  and what injury he has suffered as a result. Id.

27      It also appears that plaintiff may be trying to bring an Eighth Amendment claim for

28  deliberate indifference to his serious medical needs. Id. at 5. However, while plaintiff mentions a

3

1  Dr. Ma, the doctor is not named as a defendant and it is not clear what the doctor did to violate

2  plaintiff's rights.  Id. at 1-2, 5.  It is also unclear whether this claim is related to his access to the

3  courts claim.

4       Accordingly, plaintiff has failed to show that the defendants violated his rights and the

5  complaint will be dismissed with leave to amend.

6  V.    Leave to Amend

7       If plaintiff chooses to file a first amended complaint, he must demonstrate how the

8  conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo,

9  423 U.S. at 370-71.  Also, the complaint must allege in specific terms how each named defendant

10  is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can

11  be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

12  between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740,

13  743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in

14  civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

15  1982) (citations omitted).

16       Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

17  his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

18  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

19  amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

20  1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims

21  dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent

22  amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the

23  original complaint no longer serves any function in the case.  Therefore, in an amended

24  complaint, as in an original complaint, each claim and the involvement of each defendant must be

25  sufficiently alleged.

26       If plaintiff chooses to amend the complaint, he should keep in mind that to state a claim

27  for denial of access to the courts he must show a frustration or hindrance of "a litigating

28  opportunity yet to be gained" (forward-looking access claim) or the loss of a meritorious suit that

4

1  cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15

2  (2002).  For backward-looking claims, plaintiff "must show: 1) the loss of a 'nonfrivolous' or

3  'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that

4  may be awarded as recompense but that is not otherwise available in a future suit." Phillips v.

5  Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing Christopher, 536 U.S. at 413-14), vacated on

6  other grounds by Hust v. Phillips, 555 U.S. 1150 (2009).

7        To have standing to bring this type of claim, plaintiff must also allege he suffered an

8  actual injury.  Lewis, 518 U.S. at 351-52; Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir. 1994).

9  To succeed, a prisoner must have been denied the necessary tools to litigate a nonfrivolous claim

10  attacking a conviction, sentence, or conditions of confinement.  Christopher, 536 U.S. at 415;

11  Lewis, 518 U.S. at 353 & n.3.  Plaintiff need not show that he would have been successful on the

12  merits of his claims, but only that they were not frivolous.  Allen v. Sakai, 48 F.3d 1082, 1085 &

13  n.12 (9th Cir. 1994).  A claim "is frivolous where it lacks an arguable basis either in law or in

14  fact."  Neitzke, 490 U.S. at 325.  The Ninth Circuit has emphasized that "[a] prisoner need not

15  show, ex post, that he would have been successful on the merits had his claim been considered.

16  To hold otherwise would permit prison officials to substitute their judgment for the courts' and to

17  interfere with a prisoner's right to court access on the chance that the prisoner's claim would

18  eventually be deemed frivolous."  Allen, 48 F.3d at 1085.  To properly plead a denial of access to

19  the courts claim, "the complaint should state the underlying claim in accordance with Federal

20  Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain

21  statement should describe any remedy available under the access claim and presently unique to

22  it."  Christopher, 536 U.S. at 417-18 (footnote omitted).

23        Plaintiff should also keep in mind that "to maintain an Eighth Amendment claim based on

24  prison medical treatment, an inmate must show 'deliberate indifference to serious medical

25  needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429

26  U.S. 97, 104 (1976)).  This requires plaintiff to show (1) "a 'serious medical need' by

27  demonstrating that 'failure to treat a prisoner's condition could result in further significant injury

28  or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need

5

1   was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v.

2   Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

3          Finally, plaintiff is advised that he may join multiple claims if they are all against a single

4   defendant, Fed. R. Civ. P. 18(a), and joinder of defendants is only permitted if "any right to relief

5   is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or

6   series of transactions or occurrences; and any question of law or fact common to all defendants

7   will arise in the action," Fed. R. Civ. P. 20.  In other words, joining more than one claim is only

8   proper when it is against one defendant, and joining multiple defendants in one complaint is only

9   proper when the action is based on the same facts.

10  VI.    Motion for Discovery

11         Plaintiff has also filed a motion for discovery.  ECF No. 19.  Because defendants have not

12  yet been ordered to respond to the complaint, the motion is premature and will be denied.  In the

13  event plaintiff is able to successfully amend his complaint, a discovery and scheduling order will

14  issue if and when defendants answer the amended complaint

15  VII.   Plain Language Summary of this Order for a Pro Se Litigant

16         Your request to proceed in forma pauperis is granted and you are not required to pay the

17  entire filing fee immediately.

18         Your motion for discovery is denied because the defendants have not been served and

19  therefore have not answered the complaint.

20         The complaint is dismissed with leave to amend because the facts you have alleged are not

21  enough to state a claim for relief.  You need to explain what each defendant did or did not do that

22  you believe violated your rights.

23         If you choose to amend your complaint, the first amended complaint must include all of

24  the claims you want to make because the court will not look at the claims or information in the

25  original complaint.  **Any claims not in the first amended complaint will not be considered.**

26         In accordance with the above, IT IS HEREBY ORDERED that:

27         1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

28         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

6

1    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

2    1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

3    Director of the California Department of Corrections and Rehabilitation filed concurrently

4    herewith.

5         3.  Plaintiff's motion for discovery (ECF No. 19) is denied as premature.

6         4.  Plaintiff's complaint is dismissed with leave to amend.

7         5.  Within thirty days from the date of service of this order, plaintiff may file an amended

8    complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

9    Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

10    number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an

11    original and two copies of the amended complaint.  Failure to file an amended complaint in

12    accordance with this order will result in dismissal of this action.

13         6.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

14    form used in this district.

15         IT IS SO ORDERED.

16    DATED: May 22, 2018

17

                           _____

18                           ALLISON CLAIRE
                          UNITED STATES MAGISTRATE JUDGE