UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT RONDEL GARDNER, | No. 2:17-cv-1921 AC P |
| Plaintiff, | |
| v. | ORDER |
| CDCR, et al., | |
| Defendants. | |

Plaintiff has filed a document which he has identified as an "objection and re-request" for an answer and a re-evaluation of his request for default, as well as a motion for discovery and to compel. ECF No. 25. The document refers to plaintiff's previous requests to issue summons (ECF No. 12) and to proceed without amending the complaint (ECF No. 13), stating that he has not received an answer. ECF No. 25. However, most of the document appears to address a response he received from the Clerk of the Court in response to a request for copies (Docket Entry for ECF No. 17). Id. The filing appears to be in response to the notice that plaintiff's request for entry of default was declined, as that notice mistakenly advised plaintiff that the court was still waiting for an amended complaint. ECF No. 21. Plaintiff has also filed a motion to compel copies of the filings in this case from the court under the Freedom of Information and Privacy Acts. ECF No. 26.

The court recently screened the complaint and dismissed it with leave to amend. ECF No. 22. It appears that plaintiff's request was mailed to the court prior to the issuance of the screening

order, and the court did not receive the request until after the screening order had issued. However, the court will clarify for plaintiff that the dismissal of his complaint with leave to amend means that his request for summons was denied because there were no viable claims and his request to proceed without amendment was granted to the extent the court proceeded to screen his original complaint rather than waiting for him to file an amended complaint.[1] The Clerk of the Court's notice declining to enter default was also proper because no defendants have been ordered to answer the complaint and therefore they cannot be in default. Since the original complaint has now been dismissed with leave to amend, plaintiff must file an amended complaint and failure to do so will result in a recommendation that this action be dismissed.

With respect to plaintiff's motion to compel, it appears that his citations to the Freedom of Information and Privacy Acts are an attempt to obtain copies from the court free of charge. ECF No. 26. However, the court is under no obligation to provide documents under either Act because it is expressly excluded as an "agency" within the meaning of the Acts. 5 U.S.C. § 551(1)(B). Furthermore, even if the court were subject to either Act, each allows for the imposition of fees. 5 U.S.C. § 552(a)(4)(A); 5 U.S.C. § 552a(f)(5). Plaintiff has previously been advised that the copies will be provided at a cost of $0.50 a page. ECF No. 15. The motion to compel documents from the court will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for miscellaneous relief (ECF No. 25) is granted to the extent the court has clarified its responses to his previous requests and is denied in all other respects.

2. Plaintiff's motion to compel (ECF No. 26) is denied.

IT IS SO ORDERED.

DATED: June 1, 2018

*ALLISON CLAIRE*
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff had previously indicated that he wanted to amend the complaint (ECF No. 10) and was given an opportunity to file an amended complaint with the advisement that failure to do so would result in the case proceeding on the original complaint (ECF No. 11).