UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DELBERT RONDEL GARDNER, | No. 2:17-cv-1921 AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| CDCR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed May 22, 2018, the undersigned screened the complaint and determined that plaintiff had failed to state a claim upon which relief could be granted and the complaint was dismissed with leave to amend. ECF No. 22. Plaintiff has now filed an amended complaint. ECF No. 28.

I.     First Amended Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In the first amended complaint, as in the original complaint, plaintiff appears to allege that

1

his ability to file administrative appeals is being interfered with and that his legal mail is being tampered with. ECF No. 28 at 3-23. It also appears that plaintiff is attempting enforce a settlement agreement that involved medical deliberate indifference claims. Id.

## II. Failure to State a Claim

### A. Personal Involvement

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

As in the original complaint, the first amended complaint alleges that plaintiff's administrative appeals and legal mail have been interfered with. ECF No. 28 at 3-23. However, it is not clear whether plaintiff is attempting to state a claim for interference with his access to the courts or whether his allegations regarding this interference are part of a claim to enforce a settlement agreement. Id. In either case, plaintiff has failed to explain defendants' involvement. In screening the original complaint, plaintiff was specifically advised that he needed to explain what each individual defendant did, what kind of interference he experienced with his appeals and legal mail, and what injury he has suffered as a result. ECF No. 22 at 3, 6.

Accordingly, plaintiff has failed to show that the defendants violated his rights and the complaint will be dismissed with leave to amend. Plaintiff is cautioned that if he once again fails to explain specifically what each defendant did to violate his rights, the undersigned will recommend dismissal of the compliant without leave to amend. Simply attaching copies of grievances and mail logs is not sufficient to show how the defendants violated his rights, particularly when the grievances do not mention the defendants.

### B. Processing of Grievances

Prisoners do not have an independent constitutional due process entitlement to a specific administrative grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty interest to

a grievance procedure).  Prison officials are not required under federal law to process inmate grievances in any specific way.  Plaintiff's claims that prison officials denied or refused to process his grievances do not state a cognizable claim for a violation of his due process rights because there is no right to a particular grievance process or response.  See, e.g., Towner v. Knowles, No. CIV S-08-2823 LKK EFB P, 2009 WL 4281999, at *2, 2009 U.S. Dist. LEXIS 108469, at *5-6 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state claims that would indicate a deprivation of his federal rights after defendant allegedly screened out his inmate appeals without any basis); Williams v. Cate, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6, 2009 U.S. Dist. LEXIS 107920, at *16 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").  Accordingly, to the extent plaintiff is trying to bring a claim based upon the way in which his grievances were responded to, these claims must be dismissed.

### C.  Enforcement of a Settlement Agreement

Unless the "parties' obligation to comply with the terms of [a] settlement agreement [are] made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order," then "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994).  To the extent plaintiff is attempting to enforce a settlement agreement, this court does not appear to have jurisdiction.  Plaintiff has not alleged any facts that would show an independent basis for enforcing a settlement agreement in federal court and, based on documents attached to the complaint (ECF No. 28 at 62-63), the settlement agreement involved the dismissal of several cases in the United States District Court for the Central District of California.  Therefore, it appears that if any federal court has jurisdiction over the matter, it is the Central District Court, and then only if that court retained jurisdiction.  Otherwise, plaintiff must bring a claim for breach of contract in state court.  Accordingly, any claim for enforcement of the settlement agreement must be dismissed.

////

### III. Leave to Amend

If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268.

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any previous complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a second amended complaint, any previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is reminded that if he chooses to amend the complaint, he should keep in mind that to state a claim for denial of access to the courts he must show a frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). For backward-looking claims, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing Christopher, 536 U.S. at 413-14), vacated on other grounds by Hust v. Phillips, 555 U.S. 1150 (2009).

To have standing to bring this type of claim, plaintiff must also allege he suffered an actual injury. Lewis, 518 U.S. at 351-52; Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir. 1994). To succeed, a prisoner must have been denied the necessary tools to litigate a nonfrivolous claim attacking a conviction, sentence, or conditions of confinement. Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 353 & n.3. Plaintiff need not show that he would have been successful on the merits of his claims, but only that they were not frivolous. Allen v. Sakai, 48 F.3d 1082, 1085 & n.12 (9th Cir. 1994). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. The Ninth Circuit has emphasized that "[a] prisoner need not show, ex post, that he would have been successful on the merits had his claim been considered. To hold otherwise would permit prison officials to substitute their judgment for the courts' and to interfere with a prisoner's right to court access on the chance that the prisoner's claim would eventually be deemed frivolous." Allen, 48 F.3d at 1085. To properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Christopher, 536 U.S. at 417-18 (footnote omitted).

IV.   Plain Language Summary of this Order for a Pro Se Litigant

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. You need to explain what each defendant did or did not do that you believe violated your rights. If you are trying to enforce a settlement agreement, depending on your circumstances it appears that you need to either file a motion in the case that was dismissed as a result of the agreement or file a complaint in state court.

If you choose to amend your complaint, the second amended complaint must include all of the claims you want to make because the court will not look at the claims or information in your previous complaints. **Any claims not in the second amended complaint will not be considered.** If you do not explain what each defendant did or did not do to violate your rights, it will be recommended that your complaint be dismissed without leave to amend.

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: June 5, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE