UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT RONDEL GARDNER,<br><br>Plaintiff,<br><br>v.<br><br>CDCR, et al.,<br><br>Defendants. | No. 2:17-cv-1921 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are plaintiff's second amended complaint (ECF No. 33) and a motion to enter judgment and discovery (ECF No. 36).

I. Motion to Enter Judgement and Discovery

Plaintiff has filed a motion to enter judgment and discovery in which he appears to complain about recent disciplinary issues and seeks to have documents entered as evidence. ECF No. 36. To the extent plaintiff is seeking to have documents unrelated to the claims in the complaint entered as evidence, the motion is denied. To the extent he is seeking entry of judgment against the defendants and the initiation of discovery, as the title of the motion suggests, the motion is also denied. Service has yet to be ordered and, as set forth below, the undersigned is recommending dismissal of the complaint without leave to amend.

////

II. Second Amended Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In the second amended complaint, as in the original and first amended complaints, plaintiff appears to allege that his ability to file administrative appeals is being interfered with and that his legal mail is being tampered with.[1] ECF No. 33 at 3-17.

III. Failure to State a Claim

A. Personal Involvement

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

As in the original and first amended complaints, the second amended complaint alleges that plaintiff's administrative appeals and legal mail have been interfered with. ECF No. 33 at 3-17. However, as with the two previous complaints, plaintiff has once again failed to explain defendants' involvement. In screening the two previous complaints, plaintiff was specifically advised that he needed to explain what each individual defendant did, what kind of interference he experienced with his appeals and legal mail, and what injury he has suffered as a result. ECF No. 22 at 3, 6; ECF No. 29 at 2, 4-5.

The second amended complaint names as defendants "CDCR staff, custody and mail room," Governor Brown, Mail Room Supervisor Bissett, and Chief of Appeals Voong. ECF No.

---

[1] Although it appeared from the allegations in the first amended complaint that plaintiff may have also been attempting to enforce a settlement agreement that involved medical deliberate indifference claims (ECF No. 28), the second amended complaint appears to clarify that that is not the case (ECF No. 33 at 10, 16).

33 at 1-2. However, aside from a few conclusory allegations that Brown and Voong blocked his appeals (id. at 5, 13, 15) and that Brown failed to properly train staff such as Bissett (id. at 15), there are no allegations as to what each defendant did to violate his rights. Moreover, to the extent plaintiff has made any claims, they appear to be based upon the defendants' supervisory positions, which is insufficient to support claims under § 1983. Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted) ("There is no respondeat superior liability under section 1983.").

Accordingly, plaintiff has failed to show that the defendants violated his rights and the claims will be dismissed.

### B. Processing of Grievances

Prisoners do not have an independent constitutional due process entitlement to a specific administrative grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty interest to a grievance procedure). Prison officials are not required under federal law to process inmate grievances in any specific way. Plaintiff's claims that prison officials denied or refused to process his grievances do not state a cognizable claim for a violation of his due process rights because there is no right to a particular grievance process or response. See, e.g., Towner v. Knowles, No. CIV S-08-2823 LKK EFB P, 2009 WL 4281999, at *2, 2009 U.S. Dist. LEXIS 108469, at *5-6 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state claims that would indicate a deprivation of his federal rights after defendant allegedly screened out his inmate appeals without any basis); Williams v. Cate, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6, 2009 U.S. Dist. LEXIS 107920, at *16 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Accordingly, to the extent plaintiff is trying to bring a claim based upon the way in which his grievances were responded to, these claims must be dismissed.

### IV. No Leave to Amend

In dismissing a complaint, leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203

F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

Plaintiff has been twice cautioned that he must show personal involvement by the defendants in order to state claims against them. ECF Nos. 22, 29. In screening the first amended complaint, the court further cautioned that if plaintiff once again failed to explain what each defendant did to violate his rights, the undersigned would recommend dismissal of the compliant without leave to amend. ECF No. 29 at 2. It was explained that "[s]imply attaching copies of grievances and mail logs is not sufficient to show how the defendants violated his rights, particularly when the grievances do not mention the defendants." Id. Plaintiff has once again failed to allege any specific conduct by any defendants and the court is convinced that further opportunities to amend would be futile. Accordingly, it will be recommended that the complaint be dismissed without leave to amend.

V.  Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that the complaint be dismissed without leave to amend because the facts you have alleged are not enough to state a claim for relief. You have already been given two chances to amend and you still have not explained what each defendant did or did not do that you believe violated your rights. It does not appear that another chance to amend will fix the problem.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for judgment and discovery (ECF No. 36) is denied.

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the second amended complaint be dismissed without leave to amend.

4

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 7, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE